**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHAD D. LONG,
                 Appellant,

         v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                 Agency.

DOCKET NUMBER
DA-844E-20-0190-I-1

DATE: December 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert R. McGill</u>, Esquire, Walkersville, Maryland, for the appellant.

<u>Jo Bell</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1       The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's application for disability retirement.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      After serving in the United States Navy, the appellant was appointed to the position of Airway Transportation Systems Specialist with the Federal Aviation Administration (FAA) in 2009.  Initial Appeal File (IAF), Tab 7 at 40, 46. The undisputed evidence reflects that the appellant's duties included climbing radar towers, lifting up to 50 pounds, bending, stooping, reaching, and standing for long periods of time.  *Id.* at 31.  He resigned from his position with the FAA in 2017 and thereafter filed an application for disability retirement asserting that he suffered from multi-level degenerative disc disease at L3-L4, L4-L5, and L5-S1, radiculopathy/chronic lumbar pain, often severe, secondary to his disc disease, and joint disease of the lumbar spine, causing pain and numbness radiating to his lower legs.  *Id.* at 30.  OPM denied the appellant's application in initial and reconsideration decisions, and this appeal followed.  *Id.* at 5-11; IAF, Tab 1.  After a hearing, the administrative judge reversed OPM's determination and awarded the appellant disability retirement benefits.  IAF, Tab 15, Initial Decision (ID).

¶3      OPM argues on review that the administrative judge erred in affording considerable weight to the appellant's post-resignation medical evidence.

Petition for Review (PFR) File, Tab 1 at 8-13. First, OPM argues that, because there is a lack of pre-separation objective medical evidence showing that the appellant's medical condition was incompatible with his useful and efficient service, the administrative judge should have afforded only minimal weight to the post-resignation medical evidence, including the hearing testimony of Doctor E., who examined the appellant. *Id.* at 8-9.

¶4          In *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1382 (Fed. Cir. 2009), our reviewing court, in discussing medical evidence that post-dates an employee's separation, held that where proximity in time, lay testimony, or some other evidence provides the requisite link to the relevant period, subsequent medical evidence can be very probative of a prior disability. Here, although Doctor E. examined the appellant approximately 20 months after he resigned, there is no suggestion that the conditions the doctor observed were attributable to events that occurred after the appellant's separation from the FAA, nor is there a lack of evidence connecting the appellant's prior condition to the more recent medical evidence. On the contrary, evidence from the appellant's time in the Navy, prior to his employment by the FAA, showed multi-level degenerative disc disease in his lumbar spine and attendant work restrictions, IAF, Tab 7 at 51-53, and an orthopedist's report from 2 weeks after the appellant's resignation showed a diagnosis of chronic lumbar discomfort secondary to degenerative disc and joint disease of the lumbar spine of many years duration, *id.* at 55. Moreover, the appellant's lay testimony clearly established that he endured the same symptoms and level of severity before his resignation as were observed after resignation. *Reilly*, 571 F.3d at 1382; *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 18 (2006) (finding that an appellant's subjective reports of pain and physical limitations are entitled to substantial weight if they are supported by objective clinical findings). Further, while not automatically establishing that the appellant has met his burden, OPM's failure to present any medical evidence contrary to that presented

by the appellant is a factor for consideration. *Bridges v. Office of Personnel Management*, 21 M.S.P.R. 716, 719 (1984). Therefore, OPM has not shown that the administrative judge erred in affording considerable weight to the appellant's post-resignation medical evidence because it has not supported its claim of a lack of pre-resignation corroborative evidence.[2]

¶5    OPM further argues on review that, for other reasons, the administrative judge erred in finding persuasive the orthopedist's report and Dr. E.'s report and testimony. PFR File, Tab 1 at 9-11. OPM asserts that the orthopedist did not make any assessment regarding the appellant's ability to perform his duties and that the appellant apparently did not return to see him. *Id.* at 9-10. However, the issue in this case is whether the appellant showed, as he claimed, that his medical condition was incompatible with the performance of useful and efficient service or retention in his position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012). Taken in context, we agree with the administrative judge that the orthopedist's expression of "concern" with the appellant's safety in climbing towers speaks to the appellant's ability to perform the duties of his position and is entitled to consideration given that it is based on the orthopedist's diagnosis, which is itself based on his physical examination of the appellant as well as a review of his medical history and x-rays. IAF, Tab 7

---

[2] OPM states that it finds the appellant's assertions "highly unpersuasive" and is "suspicious" because he did not seek medical attention for his back pain while he was employed and did not report his pain to his supervisor or coworkers. PFR File, Tab 1 at 8-9, 11-12. The administrative judge considered and was persuaded by the appellant's undisputed testimony that he used stretching and resting to ease his pain and occasionally took Advil but that he resisted taking drugs or painkillers because they would have rendered performance of his duties dangerous to himself and others. Hearing Compact Disc (HCD); ID at 6, 11. The administrative judge also considered and credited the appellant's undisputed testimony that supervisors and coworkers knew he had back problems because, when the pain was intense, he would "defer" a job to someone else but that he had a "high level work ethic" and tried to work through the pain and that, in his view, "that's the job" and you either do it or you leave. HCD; ID at 7, 11.

at 55.  Moreover, whether the appellant returned to see the orthopedist does not bear on the evidentiary value to be afforded his report.

¶6        OPM also asserts that the administrative judge erred in finding Dr. E.'s report and testimony persuasive because the visit occurred after the appellant's application was denied and because it appears that the intent of the report was not for treatment but rather in support of his appeal.  PFR File, Tab 7 at 10-11. However, nothing in OPM's regulations specifies that medical examinations or documents that explain them must predate the applicant's retirement or resignation.  *Reilly*, 571 F.3d at 1382; 5 C.F.R. § 844.201.  Again, OPM has failed to establish that the administrative judge erred in affording considerable weight to this post-resignation evidence.

**ORDER**

¶7        We ORDER OPM to grant the appellant's application for disability retirement benefits.  OPM must complete this action no later than 20 days after the date of this decision.

¶8        We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶9        No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDINGYOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.